IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Phillip Douglas Jacobs, et al.,

       Plaintiffs,

  v.

Ted Strickland, et al.,

       Defendants.

Case No. 2:08-cv-680

JUDGE SMITH

ORDER AND REPORT AND RECOMMENDATION

Plaintiff Phillip Douglas Jacobs, a state prisoner, filed this action against a number of defendants asserting that his rights under the Religious Land Use and Institutionalized Persons Act and the First and Fourteenth Amendments to the United States Constitution were violated while he was incarcerated at the North Central Correctional Institution in Marion. The named defendants include Ted Strickland, Governor of the State of Ohio, the Ohio Department of Rehabilitation and Correction, Terry Collins, the director of the ODRC, Toni Brooks, deputy director of prisons, Khelleh Konteh, director for the ODRC Northern Region, Ernie Moore, director of the ODRC Southern Region, Nancy Patete-Hetterscheidt, employee records manager for the ODRC, the United States of America, Bureau of Federal Programming and Funding, and the United States Department of Justice. Defendants Strickland, ODRC, Collins, Brooks, Konteh, Moore, and Patete-Hetterscheidt have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the following reasons, the Court will recommend that the motion to dismiss be granted.

I.

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotations omitted).

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not

2

>be thrown out of court for failing to plead facts in
>support of every arcane element of his claim.  But when
>a complaint omits facts that, if they existed, would
>clearly dominate the case, it seems fair to assume that
>those facts do not exist.

Id. It is with these standards in mind that the motion to dismiss will be decided.

## II.

The caption of the complaint lists Mr. Jacobs as a plaintiff along with Ahlus Sunnah Wal Jama'ah, Turaee Manley, Thomas Lidge, Jerry Jones, Thomas Amir, and Devon Lyles as additional plaintiffs.  The only individual who has signed the complaint, however, is Mr. Jacobs.  Although 28 U.S.C. §1654 allows parties to plead and conduct their own cases either personally or through an attorney, "that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003)(internal citations omitted).  Accordingly, a litigant who desires to proceed *pro se* must personally sign the complaint to bring his or her claims before the court.  See Koger v. Hudson, No. 1:07 CV 3438, 2008 WL 495619 at *1 (N.D. Ohio Feb. 21, 2008).  Because none of the other inmates signed the complaint, Mr. Jacobs is the only plaintiff properly before the Court.

The caption also describes as plaintiffs "[a]ll of those similarly situated Sunni Muslims in Ohio prisons." *Pro se* prisoners, however, may not serve as class representatives.  See Palasty v. Hawk, 15 Fed.App'x 197, 200 (6th Cir. 2001).  Further, without a request for class certification under Fed.R.Civ.P. 23, a plaintiff's claims are restricted to alleged violations of his own rights.  See Edwards v. Timmerman-Cooper, No. 2:07-CV-1227, 2009 WL 1047111 at *5 (S.D. Ohio Apr. 17, 2009).  Because Mr. Jacobs has not filed a request for class certification and may not, in any event, proceed as a class representative *pro se*, he

3

may pursue claims based solely on the defendants' alleged violation of his individual rights.

### III.

Mr. Jacobs is an orthodox Sunni Muslim whose religious tenet requires him to consume only Halal foods. He filed this suit seeking monetary damages, as well as declaratory and injunctive relief under RLUIPA. That statute provides:

> [n]o government shall impose a substantial burden on the religious exercise of a person...confined to an institution...unless the government demonstrates that imposition of the burden on that person-(1)is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. §2000cc-1(a). The term "government" includes States, their agencies and departments, and persons acting under color of state law. See 42 U.S.C. §2000cc-5(4)(A).

Mr. Jacobs alleges that the defendants failed to make Halal meals available to members of his faith at NCCI, to provide Sunni Muslims with space in the multi-purpose religious services building at NCCI where they can hold group religious studies, to provide Sunni Muslims with a share of the federal funds made available to other religious groups at NCCI for the purchase of books and other materials, to allow Sunni Muslims equal access to recreational areas at NCCI and the opportunity to meet as a group in the gym and yard, and to prevent the mishandling, misuse, destruction, or confiscation of the Holy Qu'ran. He maintains that these acts or omissions violated RLUIPA and his rights (and the rights of the other named prisoners) to free exercise and equal protection under the First and Fourteenth Amendments.

### IV.

The Court will first consider the argument that Mr. Jacobs's claims against ODRC and the other state defendants acting in their official capacities are barred by the Eleventh Amendment.

4

This constitutional amendment prohibits a citizen of a state from suing that state, or one of its agencies, in federal court absent consent to such suit or an express statutory waiver of immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984). It is uncontested that the State of Ohio has not consented to suit in federal court. Further, the enactment of RLUIPA did not act as an "unequivocally expressed" waiver of sovereign immunity. Cardinal v. Metrish, 564 F.3d 794, 801 (6th Cir. 2009). Accordingly, the Eleventh Amendment bars the prosecution of Mr. Jacobs's RLUIPA claim for monetary relief against ODRC and the other state defendants acting in their official capacities. See id. (claim for monetary relief under RLUIPA against warden in her official capacity barred by Eleventh Amendment).

Regarding the alleged constitutional violations, the proper vehicle for raising such claims is 42 U.S.C. §1983. That statute authorizes a party who has been deprived of a federal right by a person acting under color of state law to seek relief. See, e.g., City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). As to a claim for monetary damages, however, "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, neither ODRC nor the other state defendants, to the extent they acted in their official capacities, are liable for damages resulting from their alleged violation of Mr. Jacobs' constitutional rights to free exercise and equal protection.

V.

The defendants apparently concede that state officials may be liable in their individual capacities for damages under RLUIPA and §1983, but only to the extent that such officials directly participated in the claimed violations. The defendants argue

5

that in this case Mr. Jacobs has not alleged that the state officials named in the complaint had any direct involvement in the alleged violations at NCCI.  The defendants point out that, in fact, none of the state officials named in the complaint even works at NCCI.  For this reason, the defendants contend that Mr. Jacob fails to state a claim against them in their individual capacities under RLUIPA or §1983.

Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under §1983.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim.  Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").  This same analysis also applies to claims brought under RLUIPA.  See Greenberg v. Hill, No. 2:07-CV-1076, 2009 WL 890521 at *3 (S.D.

Ohio Mar. 31, 2009).

The complaint alleges that prison officials at NCCI denied Mr. Jacobs a diet consistent with his religious beliefs; refused to allow him to meet with other Sunni Muslims in the multi-purpose religious services building; sent a corrections officer to break up a group comprised of himself and five other Sunni Muslims studying the Holy Qu'ran in the prison yard; destroyed, confiscated, and desecrated copies of the Holy Qu'ran; and fed leftovers from the general population at NCCI to himself and other Sunni Muslims during the holy month of Ramadan despite the fact that the treatment and storage of such food conflicted with their dietary laws. Assuming that the above-described actions of certain staff members at NCCI violated his rights under RLUIPA and the First and Fourteenth Amendments, Mr. Jacobs does not plead any facts which demonstrate that the state officials named in the complaint had any involvement with these alleged violations. Mr. Jacobs has not even alleged facts showing that these officials knew of these violations, much less participated in or encouraged them. Accepting all well-pleaded factual allegations in the complaint as true, Mr. Jacobs has failed to state a claim against these defendants in their individual capacities.

VI.

The defendants alternatively argue that the state officials named in the complaint are entitled to qualified immunity. Public officials sued under 42 U.S.C. §1983 in their individual capacities may raise "qualified immunity" as a defense to the suit. That defense has been explained as follows:

> [G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Conversely, "if the law was clearly established, the immunity defense should fail, since a reasonably competent public official should know the law governing his conduct."  Id. at 818-19.  In addition to applying qualified immunity to constitutional claims under §1983, the Sixth Circuit has applied the doctrine to a prisoner's RLUIPA claim against state corrections officials.  See Figel v. Overton, 263 Fed.App'x 456 (6th Cir. 2008).

As explained in Dominique v. Telb, 831 F.2d 673 (6th Cir. 1987), when the defense of qualified immunity is raised, a plaintiff must include in the pleadings factual allegations necessary to support the conclusion that the defendants violated clearly established law.  When the defense is raised by motion, "the District Court must decide the purely legal question of whether the law at the time of the alleged action was clearly established in favor of the plaintiff."  Id.  The Court's decision on this issue should indicate the law as the Court perceives it and the basis for its conclusion that the constitutional rights at issue were clearly established.

In order for a constitutional right to be clearly established, it is necessary that a decision of the Supreme Court, the highest Court of the State, or a Court of Appeals announce the constitutional principle.  See Robinson v. Bibb, 840 F.2d 349 (6th Cir. 1988).  A single, idiosyncratic decision from one Court of Appeals is not sufficient to establish clearly a constitutional right.  Davis v. Holly, 835 F.2d 1175 (6th Cir. 1987).

> Although official action is not necessarily protected by qualified immunity unless and until the very action in question has been held unlawful...an official is not bound to anticipate correctly possible future extensions of the law if the question of law was open at the time he acted.

Garvie v. Jackson, 845 F.2d 647, 652 (6th Cir. 1988).

Ordinarily, the Court must undertake a three-step analysis in determining whether qualified immunity applies. First, the Court should identify the specific constitutional right that the defendant or defendants allegedly violated. Second, the Court should determine whether, viewing the facts most favorably to the plaintiff, a violation of that right has been established. Finally, the Court should decide whether a reasonable state official would have known, at the time the action occurred and in light of the "clearly established law," that the plaintiff's constitutional rights had been violated. If so, qualified immunity is unavailable. See Dickerson v. McClellan, 101 F.3d 1151, 1157 (6th Cir. 1996).

In this case, there is no need to go beyond the first step. Mr. Jacobs has not alleged that any of the state defendants was personally involved in the alleged violations of RLUIPA and the First and Fourteenth Amendments. Where the claim is for invidious discrimination, a plaintiff must plead and prove that each defendant acted with discriminatory purpose. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). It is not enough simply to assert, as Mr. Jacobs does in his complaint, that the defendants were responsible for an official policy that "over the years authorized, approved, encouraged, or knowingly acquiesced or tacitly authorized the arbitrary and capricious actions of prison officials NCCI, and other Ohio prisons." Complaint ¶12. The Court need not accept this allegation as true since it is supported only by conclusory statements and the mere recitation of supervisory liability. See Ashcroft, 129 S.Ct. at 1949-50. In the absence of any factual allegations demonstrating a direct causal link between the defendants' conduct and the alleged discrimination, the defendants are entitled to qualified immunity. See Duncan v. Jackson, 243 Fed.App'x 890, 895 (6th

Cir. 2007).

VII.

Mr. Jacobs also has filed a motion *instanter* to consolidate and/or for prospective injunctive relief or for restraining order (#10); a request for immediate injunctive relief (#19); a motion in consolidation and for sanctions (#21); and a motion *instanter* for preliminary injunction against defendant Collins or alternatively for appointment of counsel (#22). Although it is unclear what Mr. Jacobs is seeking by way of consolidation, the Court will treat that aspect of his motion as a request to consolidate this case with case no. 2:08-cv-713.

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which provides, in pertinent part, that the Court may order consolidation of "actions involving a common question of law or fact...." The underlying purpose of the Rule is to promote economy in the administration of justice. Feldman v. Hanley, 49 F.R.D. 48 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. Thayer v. Shearson, Loeb, Rhoades, Inc., 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. Brewer v. Republic Steel Corp., 64 F.R.D. 591 (N.D. Ohio 1974), aff'd 513 F.2d 1222 (6th Cir. 1975).

A review of the two cases reveals that they do not involve common questions of law and fact. The present case implicates

RLUIPA, the free exercise clause, and the equal protection clause. Case no. 2:08-cv-713 is a civil RICO case. The only "fact" that the two cases share in common is the charge that prison officials poured milk over the Holy Qu'ran. In this case, however, the alleged conduct was part of an effort to discriminate against Sunni Muslims, while in case no. 2:08-cv-713, the same conduct was allegedly in furtherance of a pattern of racketeering. The only other similarity is the fact that Mr. Jacobs is the plaintiff in each of the cases and Ted Strickland, ODRC, and Terry Collins are defendants. Given the many dissimilarities, the Court concludes that consolidation of the two cases would not be an effective utilization of judicial resources. Accordingly, Mr. Jacobs' request to consolidate is denied.

The Court also denies Mr. Jacobs' motion for sanctions. This request is based on the stress Mr. Jacobs purportedly suffered as a result of the Keefe Defendants' alleged failure to make an appearance and respond to his complaint in case no. 2:08-CV-713. Mr. Jacobs does not even assert a basis for sanctions in this case.

In his motion for prospective injunctive relief or for restraining order, Mr. Jacobs alleges that defendant Collins and others under his supervision retaliated against him on account of his religious beliefs as a Sunni Muslim. He specifically states that he was placed under investigation and subsequently issued a misconduct report for violation of rule 17 of the disciplinary code. After three preliminary hearings, he was tried before the rules and infractions board, apparently convicted, and then placed in isolation. He claims that his due process rights were violated at each stage of the proceedings and that he was denied an appeal form. Mr. Jacobs seeks an order prohibiting the enforcement of rule 17 and 5120-9-37 on various constitutional

grounds, as well as his release from isolation.  He also seeks compensation for alleged confiscation of religious and legal materials, violation of his right of free exercise, and for time spent in isolation.

Mr. Jacobs has not sought leave to amend his complaint to add these additional claims.  Consequently, the claims asserted in his motion for prospective injunctive relief and for restraining order are not properly before the Court.  Mr. Jacobs raised various claims for injunctive relief in his complaint, but nowhere in that pleading does he request this Court to prohibit the enforcement of rule 17 or 5120-9-37.  Moreover, it appears that Mr. Jacobs presently lacks standing to challenge the constitutionality of this rule and regulation.  Although he may have been subjected to enforcement of rule 17 in 2008, he has not demonstrated that he is currently subject to any impending disciplinary proceedings involving that rule or at risk of such proceedings in the future.  It also does not appear that Mr. Jacobs continues to be held in isolation based on the misconduct report.  Accordingly, this aspect of his request for injunctive relief, i.e., release from isolation, may be moot.  The Court, therefore, will recommend that his motion for prospective injunctive relief and restraining order (#10) be denied.

In his request for immediate injunctive relief, Mr. Jacobs alleges that defendant Collins transferred him from NCCI to Richland Correctional Institution with instructions to place him in segregation in retaliation for his litigation against state employees and union members.  At the time he filed this request, Mr. Jacobs was confined at the Corrections Medical Center recovering from heart surgery.  He sought to prohibit defendant Collins from returning him to Richland following his recovery. It is apparent from the record that Mr. Jacobs is presently incarcerated at NCCI.  It is therefore recommended that his

request for immediate injunctive relief (#19) be denied as moot.

In his most recent motion for preliminary injunctive relief against defendant Collins, Mr. Jacobs states that he is being denied access to the courts as a result of unwarranted institutional transfers and lack of meaningful time in the prison law library. It is unclear from the motion, however, what injunctive relief he is actually seeking.

To state a claim for denial of access to courts, a prisoner must show that he was actually hindered in pursuing a legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Because Mr. Jacobs has not alleged that he suffered legal prejudice due to his transfers or lack of resources, and the record is devoid of any such prejudice, the Court recommends that his motion for preliminary injunctive relief against defendant Collins (#22) be denied.

Mr. Jacobs requests alternatively that he be appointed counsel. This Court previously denied a motion for appointment of counsel on October 8, 2008, on the basis that this case had not progressed to the point that the Court was able to evaluate the merits of plaintiff's claim. Now that the Court has determined that the claims against the state defendants should be dismissed, there is even less reason to grant Mr. Jacobs's request. Accordingly, the motion for appointment of counsel is denied.

## VIII.

Based on the foregoing reasons, the Court denies the motion for consolidation and for sanctions (#21) and the motion for appointment of counsel. It is recommended that the motion to dismiss filed by defendants Strickland, Ohio Department of Rehabilitation and Correction, Collins, Brooks, Konteh, Moore, and Patete-Hetterscheidt (#18) be granted. It is further recommended that plaintiff's motion for prospective injunctive

relief or for restraining order (#10), plaintiff's request for immediate injunctive relief (#19), and plaintiff's motion for preliminary injunction against defendant Collins (#22) be denied.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge