IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Phillip Douglas Jacobs,           :
et al.,
                                  :

        Plaintiffs,               :       Case No. 2:08-cv-680

                                  :
    v.                                    JUDGE SMITH
                                  :

Ted Strickland, et al.,
                                  :

        Defendants.


## OPINION AND ORDER

This matter is before the Court to consider the Report and
Recommendation issued by the Magistrate Judge on June 30, 2009
(#23).  The Magistrate Judge recommended that this Court grant
the motion to dismiss filed by defendants Strickland, Ohio
Department of Rehabilitation and Correction, Collins, Brooks,
Konteh, Moore, and Patete-Hetterscheidt (#18) for failure to
state a claim upon which relief can be granted.  The Magistrate
Judge further recommended that the plaintiff's motion for
prospective injunctive relief or for restraining order (#10),
plaintiff's request for immediate injunctive relief (#19), and
plaintiff's motion for preliminary injunction against defendant
Collins (#22) be denied.  Plaintiff's motion for consolidation
and for sanctions (#21) and his motion for appointment of counsel
were denied.  On July 10, 2009, Phillip Douglas Jacobs, the
plaintiff herein, filed objections (#25) to the Report and
Recommendation.  For the following reasons, this court will
overrule each of the objections and adopt the Magistrate Judge's
Report and Recommendation in its entirety.

I.

When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed.R.Civ.P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B).

II.

In his original pro se complaint, Mr. Jacobs, a state prisoner, claimed that, while he was incarcerated at the North Central Correctional Institution (NCCI)in Marion, the defendants violated his rights as a Sunni Muslim under the Religious Land Use and Institutionalized Persons Act and his rights to free exercise and equal protection under the First and Fourteenth Amendments to the United States Constitution. Mr. Jacobs is currently incarcerated at the Marion Correctional Institution. See Notice of Change of Address filed on January 7, 2009, in Case No. 2:08-cv-713.

The Magistrate Judge determined that the Eleventh Amendment bars the prosecution of Mr. Jacobs's RLUIPA claim for monetary relief against the defendants acting in their official capacities and that to the extent the defendants acted in their official capacities, they are not liable for damages resulting from their alleged violation of Mr. Jacobs's constitutional rights to free exercise and equal protection. The Report and Recommendation also stated that because Mr. Jacobs did not plead any facts which demonstrate that the state officials named in the complaint had any personal involvement with the alleged violations of his

2

rights under RLUIPA and the First and Fourteenth Amendments, he
failed to state a claim against these defendants in their
individual capacities as well.

III.

Mr. Jacobs refers to case no. 2:09-cv-713 and attempts to
adopt by reference and incorporate his objections to the
Magistrate Judge's Report and Recommendation in that case to
demonstrate that he is entitled to relief in the present case
stemming from alleged "adverse actions currently being taken in
the form of freezing plaintiff's prison spending account."
(Objections at ¶2). The Magistrate Judge previously denied Mr.
Jacobs's motion for consolidation (#10) with case no. 2:08-cv-713
because the two cases do not involve common questions of law and
fact. Moreover, neither the complaint in this case nor the
complaint in case no. 2:08-cv-713 contained allegations regarding
plaintiff's prison spending account. To the extent that Mr.
Jacobs now alleges that these adverse actions violated his
constitutional right of access to the courts, his objection is
without merit.

A prisoner's right of access to the courts has been a
well-established constitutional right at least since the decision
of the United States Supreme Court in Bounds v. Smith, 430 U.S.
817 (1977). However, the prisoner must be able to show that he
suffered prejudice to his right of access to the court. Boswell
v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). In this case, Mr.
Jacobs cannot show that the defendants completely denied him
access to the courts, since he was able to file his objections to
the Report and Recommendation well within the time period for
filing such objections.

In his second objection, Mr. Jacobs maintains that his complaint specifically identified each of the defendants and their role in the alleged constitutional violations. What the complaint lacked, however, was not the identity of the defendants and their respective positions, but rather any allegations that they were directly involved in this unlawful conduct. Unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Because the complaint failed to allege that defendants Strickland, Collins, Brooks, Konteh, Moore, and Patete-Hetterscheidt were personally involved in the alleged activities of certain staff members at NCCI, the Magistrate Judge correctly concluded that Mr. Jacobs failed to state a claim against them, even if they knew of the activities and failed to respond. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act"). Furthermore, to the extent Mr. Jacobs sought declaratory and injunctive relief to prohibit any further instances of misconduct at NCCI and to accommodate the free exercise of his Sunni Muslim religion at NCCI, his claims are moot as he is no longer incarcerated there. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

Mr. Jacobs next argues that the Magistrate Judge should not have found that the defendants were entitled to qualified immunity since the questions of whether the law was clearly

established and whether the defendants' actions were objectively reasonable were properly for the jury. Whatever legal merit plaintiff's argument might possess, the record shows that the Magistrate Judge never reached these issues in light of Mr. Jacobs' failure to allege that the defendants were personally involved in the purported constitutional violations or that they acted with discriminatory purpose. Consequently, there is no factual basis for this objection.

Lastly, Mr. Jacobs contends that whether the defendants unlawfully singled out Sunni Muslims for inequitable treatment or denied them a diet in accordance with their religious beliefs were also questions for the jury. The Magistrate Judge, however, did not examine the sufficiency of these allegations, but instead concluded that Mr. Jacobs lacked standing to pursue any claims other than those based on the defendants' alleged violation of his individual rights. Mr. Jacobs, as a pro se prisoner, may not serve as a class representative for Sunni Muslims incarcerated at NCCI and other state correctional facilities. See Palasty v. Hawk, 15 Fed.App'x 197, 200 (6th Cir. 2001). The Magistrate Judge, therefore, correctly concluded that Mr. Jacobs could not assert the claims of other Sunni Muslims who were allegedly deprived of their rights under RLUIPA and the United States Constitution.

IV.

The only other defendant listed in the complaint was the United States of America. The complaint was filed on July 24, 2008. The summons issued to the United States Department of Justice was returned unexecuted on August 14, 2008. The record reflects that this defendant was never served. Federal Rule of Civil Procedure 4(m) provides:

5

> If a defendant is not served within 120
> days after the complaint is filed,
> the court - on motion or on its own
> after notice to the plaintiff -
> must dismiss the action without prejudice
> against that defendant or order that service
> be made within a specified time. But if the
> plaintiff shows good cause for the failure,
> the court must extend the time for service
> for an appropriate period.

Because Mr. Jacobs cannot obtain any relief against the defendants who have been served, there would appear to be no reason to continue this case against the United States. The Court will therefore dismiss the claims against the United States without prejudice under Rule 4(m).

V.

Based on the foregoing reasons, the Court overrules Mr. Jacobs' objections (#25) and adopts the Magistrate Judge's Report and Recommendation (#23) in its entirety. Accordingly, the Court **GRANTS** the motion to dismiss filed by defendants Strickland, Ohio Department of Rehabilitation and Correction, Collins, Brooks, Konteh, Moore, and Patete-Hetterscheidt (#18). Mr. Jacobs' claims against these defendants are therefore **DISMISSED** for failure to state a claim upon which relief can be granted. Further, the Court **DENIES** Mr. Jacobs' motion for prospective injunctive relief or for restraining order (#10), request for immediate injunctive relief (#19), and motion for preliminary injunction against defendant Collins (#22). The claims against the United States are dismissed without prejudice. The Clerk shall terminate this action.

/s/ George C. Smith
George C. Smith
United States District Judge