IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Phillip Douglas Jacobs,
et al.,

    Plaintiffs,        Case No. 2:08-cv-680

  v.                   JUDGE SMITH

Ted Strickland, et al.,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Amend this Court' August 11, 2009 Opinion and Order granting the defendants' motion to dismiss. Plaintiff Phillip D. Jacobs, a state prisoner, filed this action against various state officials for alleged violations of his rights under the Religious Land Use and Institutionalized Persons Act and the United States Constitution. Defendants Governor Ted Strickland, the Ohio Department of Rehabilitation and Correction, ODRC Director Terry Collins, ODRC Deputy Director Toni Brooks, ODRC Regional Director Khelleh Konteh, ODRC Regional Director Ernie Moore, and ODRC Employee Records Manager Nancy Patete-Hetterscheidt filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. On June 10, 2009, the Magistrate Judge recommended that the motion to dismissed be granted. Plaintiff objected to the Report and Recommendation. This Court overruled Plaintiff's objections, adopted the Report and Recommendation and granted Defendants' motion. For the following reasons, the Court **DENIES** Plaintiff's Motion to Alter or Amend.

**I. STANDARD OF REVIEW**

A motion to alter or amend pursuant to Fed.R.Civ.P. 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." <u>Phelps v. Hamilton</u>, 122 F.3d

1309, 1324 (10th Cir. 1997); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a Rule 59(e) motion may be made for one of only three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. See Berridge v. Heiser, 993 F.Supp. 1136, 1146-47 (S.D. Ohio 1997)(citing Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996)).

A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. See Database America v. Bellsouth Advertising & Pub. Corp., 825 F.Supp. 1216, 1219-20 (D.N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, §2810.1 (2d ed. 1995)(Motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "A party seeking reconsideration must show more than a disagreement with the court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Database, 825 F.Supp. at 1220.

## II. DISCUSSION

Plaintiff asserts four arguments in support of his Motion to Alter or Amend: (1) that the Court ignored the fact that he had standing as a Sunni Muslim to assert claims on his own behalf; (2) that the Court's requirement that he demonstrate personal involvement by the individual defendants to establish liability under RLUIPA is incompatible with the actual requirements of that statute; (3) that he was not required to plead detailed facts in support of his allegations of personal involvement; and (4) that whether the individual defendants actually created the food service policy or allowed it to continue is a question of fact

that cannot be decided at this stage of the proceedings.

**A. Standing**

Mr. Jacobs apparently does not take issue with this Court's determination that, as a pro se with no legal training, he may not assert class-based claims on behalf of other Sunni Muslim prisoners. Rather, he contends that the August 11, 2009 Opinion and Order found that he lacked standing, as a Sunni Muslim, to assert his own individual claims. The Court made no such finding. Plaintiff's claims for injunctive relief were dismissed on mootness grounds because he was no longer incarcerated at NCCI. His claims for damages against ODRC were dismissed as barred by the 11th Amendment and his damage claims against the individual defendants were dismissed because he failed to allege that the individual defendants had any direct personal involvement in the alleged discriminatory practices. No claims, other than the class-based claims were dismissed for lack of standing. With respect to these claims, it is well-settled in this Circuit that a pro se prisoner such as Mr. Jacobs may not serve as a representative of the class of Sunni Muslims incarcerated at NCCI and other state correctional facilities. See Palasty v. Hawk, 15 Fed.App'x 197, 200 (6th Cir. 2001).

**B. Personal Involvement Under RLUIPA**

As noted in the Magistrate Judge's Report and Recommendation, at least one district judge in the Southern District of Ohio has specifically held that a plaintiff fails to state a claim for damages against individual defendants under RLUIPA unless he pleads the personal involvement of those defendants in the alleged discriminatory conduct. See Greenberg v. Hill, No. 2:07-CV-1076, 2009 WL 890521 at *3 (S.D. Ohio Mar. 31, 2009)(Sargus, J.). Such a requirement clearly applies to actions brought under 42 U.S.C. §1983. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Mr. Jacobs does not point to any specific language in the RLUIPA, or cite to any caselaw construing that statute, for which a different result should

obtain in this case.  Consequently, the Court cannot find that
requiring Mr. Jacobs to show the personal involvement of each
defendant in order to establish individual liability under RLUIPA
is a clear error of law.

**C. Pleading Personal Involvement**

Plaintiff's contention that he is not required to plead
detailed facts to support his allegations of personal involvement
by each individual defendant is belied by two recent Supreme
Court decisions.  See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.
544 (2007); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  While the
pleading standard contained in Fed.R.Civ.P. 8 does not require
"detailed factual allegation," it demands something more than a
naked assertion that a defendant caused harm.  <u>Twombly</u>, 550 U.S.
at 555.  A complaint that offers only "labels and conclusions" or
a formulaic accounting of the elements of a claim is
insufficient.  <u>Id.</u>  To survive a motion to dismiss, a complaint
must comprise enough facts to state an entitlement to relief that
is plausible on its face.  <u>Id.</u> at 570.

In this case, none of the named defendants are even employed
at NCCI, where the alleged discriminatory conduct took place.
The complaint alleges that the individual defendants planned and
promulgated official policies and practices which led to the
arbitrary and capricious actions of prison officials at NCCI and
other state correctional facilities.  Mr. Jacobs, however, fails
to identify a single policy or practice that was planned or
promulgated by these defendants and which led to the
discriminatory practices of which he complains.  His allegations
are merely conclusory and, as such, need not be accepted as true.
<u>Id.</u> at 554-555; <u>Ashcroft</u>, 129 S.Ct. at 1951.  Absent factual
allegations connecting the actions of these defendants with
Plaintiff's claims of invidious discrimination, the Complaint
fails to state a claim for relief against defendants Strickland,
Collins, Brooks, Konteh, Moore, and Patete-Hetterscheidt that is
plausible on its face.

4

**D. Question of Fact**

Contrary to Plaintiff's supposition, the Court did not decide the question of whether the individual defendants actually created the food service policy by which Mr. Jacobs was allegedly denied Halal meals.  Had Mr. Jacobs sufficiently pled the existence of such a policy promulgated by the individual defendants or detailed their personal involvement in the denial of Halal meals to him, the Complaint might have survived a motion to dismiss.  Because he did not satisfy these pleading requirements, the Court did not clearly err in granting the defendants' motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff' Motion to Alter or Amend (# 29).

**IT IS SO ORDERED**.

                                         /s/ George C. Smith
                                         George C. Smith
                                         United States District Judge